**UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RUTHCHELLE SULLIVAN,       ) | |
|       ) | |
|     Plaintiff,       ) | |
|       ) | |
|     v.       ) | **Case No.:** |
|       ) | |
| MIDLAND FUNDING, LLC, MIDLAND   ) | **COMPLAINT AND DEMAND FOR** |
| CREDIT MANAGEMENT, INC; and       ) | **JURY TRIAL** |
| ENCORE CAPITAL GROUP, INC.,       ) | |
|       ) | **(Unlawful Debt Collection Practices)** |
|     Defendants.       ) | |
|       ) | |

RUTHCHELLE SULLIVAN, ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND FUNDING, LLC ("Defendant Midland), MIDLAND CREDIT MANAGEMENT, INC. ("Defendant MCM"); and ENCORE CAPITAL GROUP, INC. ("Defendant Encore"):

**INTRODUCTION**

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA").

**JURISDICTION AND VENUE**

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

PLAINTIFF'S COMPLAINT

3.      Defendant conducts business in the State of Illinois, and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Aurora, Illinois 60506.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant Midland is a corporation specializing in debt collection with its principal place of business located at 8875 Aero Drive, San Diego, CA 92123.

8.      Defendant MCM is a corporation specializing in debt collection with its principal place of business located at 5775 Roscoe Court, San Diego, CA 92123.

9.      Defendant Encore is a corporation specializing in debt collection with its principal place of business located at 8875 Aero Drive, San Diego, California, 92123.

10.     Defendants are "debt collector(s)" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

11.     Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.     At all relevant times, Defendant contacted Plaintiff in its attempt to collect an alleged consumer debt regarding a Chase account.

13.     Upon information and belief, the alleged debt at issue arose out of transactions which were allegedly for personal, family, or household purposes.

PLAINTIFF'S COMPLAINT

14.     Between September 2012 and December 2012, Defendants placed repeated harassing telephone calls to Plaintiff's cellular and work telephones in its attempts to collect this alleged debt.

15.     Defendants' harassing collection calls originated from numbers including, but not limited to, (877) 414-0961 and (800) 265-8825.  The undersigned has confirmed this number belongs to Defendant.

16.     Upon information and belief, Defendants used an automatic telephone dialing system or pre-recorded or artificial voice when contacting Plaintiff on his cellular telephone.

17.     Often Plaintiff picked up the telephone to determine why Defendants were calling and there was silence on the other end of the line.

18.     Defendants left Plaintiff automated voicemail messages on Plaintiffs' cell phone, which stated "this is an attempt to collect a debt."

19.     Plaintiff did not consent to the placement of automated telephone calls or the use of a pre-recorded and/or artificial voice when initiating telephone calls to her cellular telephone.

20.     Defendants' telephone calls to Plaintiff's cellular line were not placed for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

21.     Additionally, Defendants placed numerous telephone calls to Plaintiff at her work telephone.

22.     Plaintiff informed Defendants that she could not receive personal calls at her work number and asked that they stop calling.

23.     Despite this information, Defendants continued to call Plaintiff at her work, and left messages with the front desk disclosing it was a debt collector.

24.     Plaintiff was highly embarrassed that her personal finances were disclosed to her

PLAINTIFF'S COMPLAINT

workplace.

25.     On the weekends, Defendants would call prior to 8:00 a.m. disturbing Plaintiff's sleep and relaxation.

26.     Defendant's actions as described herein were made with the intent to harass, annoy, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692c(a)(3) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

27.     Section 1692c(a)(3) of the FDCPA prohibits debt collectors from contacting a consumer at a consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

28.     Defendant violated § 1692c(a)(3) of the FDCPA when it contacted Plaintiff at her place of employment with the knowledge that Plaintiff could not receive personal telephone calls at her workplace.

## COUNT II
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

29.     Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

30.     Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

4

31.     Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff's work after she informed it she could not receive personal telephone calls, and when it engaged in other harassing and oppressive conduct.

**COUNT III**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

32.     Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

33.     Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it contacted Plaintiff at work leaving messages with the secretary, and when it engaged in other unfair or unconscionable means to collect a debt.

**COUNT V**
**DEFENDANT VIOLATED**
**THE TELEPHONE CONSUMER PROTECTION ACT**

34.     Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

35.     Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

PLAINTIFF'S COMPLAINT

36.     Despite the fact that Plaintiff never consented to Defendant making calls to her cellular phone, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

37.     The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

38.     Here, it is alleged that Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff's cellular telephone, using a pre-recorded or artificial voice.

39.     Defendant contacted Plaintiff on her cellular telephone more than a dozen times.

40.     Defendant did not have Plaintiff's express consent prior to contacting her on her cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

41.     Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

WHEREFORE, Plaintiff, RUTHCHELLE SULLIVAN, respectfully prays for a judgment as follows:

    a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d.   Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B); and

    e.   Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RUTHCHELLE SULLIVAN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 09/24/13                 KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff
    Amy L. Bennecoff, Esq.
    Kimmel & Silverman, P.C.
    30 E. Butler Avenue
    Ambler, PA 19002
    Tel: 215-540-8888
    Fax: 215-540-8817
    abennecoff@creditlaw.com

    Attorney for the Plaintiff

PLAINTIFF'S COMPLAINT